■ EUROTECH CONSTRUCTION CORP., Appellant-Respondent, v FISCHETTI & PESCE, LLP, Respondent-Appellant. [63 NYS3d 231]—

Order, Supreme Court, New York County (Robert R. Reed, J.), entered January 17, 2007, which, to the extent appealed from, denied defendant's motion to dismiss the legal malpractice claim, and granted the motion as to the breach of fiduciary duty and breach of implied contract claims, unanimously affirmed, without costs.

The complaint alleges that defendant failed to ensure that plaintiff gave timely notice to its excess carrier that the primary insurer's limits were likely to be exhausted in connection with the underlying personal injury claim. Conceding the general principle that a law firm may have an obligation to investigate insurance coverage (*see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 40-41 [2d Dept 2006]), defendant argues that it should not bear that burden in this case, because plaintiff had been advised by its insurer's third-party administrator to notify its excess carrier of the claim and had not done so. However, as the motion court observed, the issue is not what plaintiff knew but whether its attorneys committed malpractice by not providing timely information obtained from the deposition testimony or bills of particular in the underlying action. Resolution of that issue depends on facts not yet developed (*see id.* at 41).

The breach of fiduciary duty and breach of implied contract claims are premised on the same facts and seek the same relief as the legal malpractice claim, and were therefore correctly dismissed as duplicative (*see Weil, Gotshal & Manges, LLP v Fashion Boutique of Short Hills, Inc.*, 10 AD3d 267, 271 [1st Dept 2004]). Concur—Manzanet-Daniels, J.P., Andrias, Gische, Kern and Singh, JJ.