Eurotech Constr. Corp. v Fischetti & Pesce, LLP (2019 NY Slip Op 01366)





Eurotech Constr. Corp. v Fischetti & Pesce, LLP


2019 NY Slip Op 01366


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Renwick, J.P., Richter, Tom, Kahn, Moulton, JJ.


8521 157598/16

[*1]Eurotech Construction Corp., Plaintiff-Appellant,
v
Fischetti & Pesce, LLP, Defendant-Respondent.


FG McCabe & Associates, PLLC, New York (Gerard McCabe of counsel), for appellant.
Steinberg & Cavaliere, LLP, White Plains (Steven A. Coploff of counsel), for respondent.



Order, Supreme Court, New York County (Robert R. Reed, J.), entered April 25, 2018, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the legal malpractice claim and for leave to renew defendant's motion to dismiss the breach of fiduciary duty claim, unanimously affirmed, without costs.
In support of its motion for leave to renew, plaintiff offered no new evidence that would change the prior determination that the breach of fiduciary duty claim was duplicative of the legal malpractice claim, which we affirmed in a prior appeal (Eurotech Constr. Corp. v Fischetti & Pesce, LLP, 155 AD3d 437 [1st Dept 2017]; CPLR 2221[e][2]).
Plaintiff failed to establish that there are no issues of fact as to its legal malpractice claim. The claim is that defendant failed to timely communicate with plaintiff about information obtained from testimony or bills of particular in the underlying personal injury action, and that, as a result, plaintiff was unable to timely notify its excess insurance provider that its primary insurance coverage might be exhausted. Still unresolved are the type and timing of any communication required, which depends on the agreed-upon scope of defendant's representation of plaintiff, and the point at which defendant, in the exercise of the requisite professional skill and knowledge, should have realized that plaintiff's primary insurance coverage could be exhausted (see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 41-42 [2d Dept 2006], cited in Eurotech Constr. Corp., 155 AD3d at 437). Expert testimony would have been helpful because the issues here involve professional standards beyond the ordinary experience of non-lawyers (see Tran Han Ho v Brackley, 69 AD3d 533, 534 [1st Dept 2010], lv denied 15 NY3d 707 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK